IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIMOTHY LYNN HALL, SR., | § | |
| TDCJ #12751283, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-0763 |
| | § | |
| RICK THALER, *et al.*, | § | |
| | § | |
| Defendants.[1] | § | |

## MEMORANDUM AND ORDER

Texas state inmate Timothy Lynn Hall, Sr.[2] filed this suit under 42 U.S.C. § 1983, alleging

excessive use of force by a prison guard and a false disciplinary case filed by that guard in retaliation

for Hall's complaint.   Hall, who proceeds *pro se* and *in forma pauperis*, filed a more definite

statement of his claims and other supplements to his complaint.   (Docket Nos. 7, 8, 14, 22, 25, 37,

45, 51, 56, 75, 90).   The defendants filed a joint motion for summary judgment.   (Docket No. 92).

Hall responded and demanded a jury trial.   (Docket Nos. 100, 102).   Hall has also filed numerous

motions for miscellaneous relief.   (Docket Nos. 83, 85, 86, 88, 89, 90, 93).   Based on a careful

review of the pleadings; the motions and responses; the summary judgment record; and the

applicable law, the court grants the defendants' summary judgment motion, denies the motions filed

by Hall, and dismisses this case.   Final judgment is entered by separate order.   The reasons for these

rulings are set out below.

---

[1]     The complaint names Nathaniel Quarterman as the lead defendant.   Because Quarterman has retired
from his position as Director of the Texas Department of Criminal Justice - Correctional Institutions
Division, the Court substitutes his replacement, Rick Thaler, as the proper party pursuant to Rule
25(d) of the Federal Rules of Civil Procedure.

[2]     TDCJ #12751283, former TDCJ #917311, #757937, #596036, #481269.

## I.      Background

Hall is presently in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ") at the Estelle Unit in Huntsville, Texas.  This suit alleges mistreatment at the Ellis Unit, where Hall was previously incarcerated. Hall sues the TDCJ Director, Rick Thaler, and the following officers and officials employed by TDCJ at the Ellis Unit:  Warden Alfred Janick, Lieutenant Kenzie Bond, Sergeant Kenneth Johnson, and Officer Sharilyn Denny.

The claims in this case stem from an incident at the Ellis Unit on October 17, 2006.  Officer Denny was in charge of the "picket" that controlled access to individual cells on the row where Hall was assigned.[3]  Hall alleges that while Officer Denny was operating the picket, she caused the cell door to roll and hit him for no reason. Hall contends that Officer Denny used excessive force against him in violation of the Eighth Amendment.  Hall complained about Officer Denny's action to Sergeant Johnson.  Hall alleges that Officer Denny responded by filing a "false" disciplinary case against him. Hall alleges that Officer Denny violated his right to due process and engaged in unconstitutional retaliation by filing a false disciplinary case against him after he complained to Sergeant Johnson. Hall alleges that Officer Denny's supervisor, Lieutenant Bond, tried to "coerce" him into withdrawing the grievance that he filed about Officer Denny.  Hall contends that Lieutenant Bond interfered with or violated his right of access to the grievance system. Hall alleges further that all the supervisory officials in this case (Sergeant Johnson, Lieutenant Bond, Warden Janick, and

---

[3]  Hall was assigned to the "B-4 wing" on the second floor or "row" of the Ellis Unit.  The record reflects that Hall was classified as a G4 inmate with L3 or Line 3 status for purpose of calculating his good-time credits.  (Docket No. 92, Exhibit A, at 9).  Because he had a record that included several major disciplinary offenses, Hall was housed at a fairly restrictive level of the general population. (*Id.*).

2

Director Thaler) failed to protect him from mistreatment by Officer Denny. Hall seeks compensatory and punitive damages for the violation of his constitutional rights.

The defendants have filed a motion for summary judgment, arguing that Hall is not entitled to relief. The grounds for the motion, and Hall's responses, are analyzed below.

## II.    Standard of Review

Under the Prison Litigation Reform Act (the "PLRA"), a district court must scrutinize the claims filed by a prisoner and dismiss any part of the complaint that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A reviewing court may dismiss a complaint for these same reasons "at any time" when the plaintiff is proceeding *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B). The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

The defendants have moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. (Docket No. 92). Rule 56 provides for summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the trial burden. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The moving party has the initial burden of showing that summary judgment is appropriate. *See Martco Ltd. Partnership v. Wellons, Inc.*, 588 F.3d 864, 871 (5th Cir. 2009) (citing *Celotex*, 477 U.S. at 323). Summary judgment is appropriate when the "pleadings, the discovery and disclosure materials on file, and any affidavits

show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2); *Celotex Corp.*, 477 U.S. at 322-23. If the moving party meets this burden, "[t]he nonmoving party 'must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim.'" *Peterson v. City of Forth Worth, Tex.*, 588 F.3d 838, 844 (5th Cir. 2009) (quotation omitted). "The identified evidence 'must be sufficient to sustain a finding in favor of the nonmovant on all issues as to which the nonmovant would bear the burden of proof at trial.'" *Id.* The nonmovant must do more than simply show that there is some "metaphysical doubt" as to the material facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citation and quotations omitted).

In deciding whether there is a genuine dispute as to material facts, disputed facts and inferences to be drawn from them must be reviewed in the light most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co.*, 478 U.S. at 587-88; *Hill v. Carroll County, Miss.*, 587 F.3d 230, 233 (5th Cir. 2009). Factual controversies are resolved in favor of the nonmovant "only 'when both parties have submitted evidence of contradictory facts.'" *Alexander v. Eeds*, 392 F.3d 138, 142 (5th Cir. 2004) (quoting *Olabisiomotosho v. City of Houston,* 185 F.3d 521, 525 (5th Cir. 1999)). "[C]onclusory allegations" or "unsubstantiated assertions" do not meet the nonmovant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008). Instead, the nonmoving party must present specific facts showing "the existence of a genuine issue concerning every essential component of its case." *American Eagle Airlines, Inc. v. Air Line Pilots*

4

*Ass'n, Int'l*, 343 F.3d 401, 405 (5th Cir. 2003) (citation and internal quotation marks omitted). In the absence of proof, a reviewing court will not assume "'that the [nonmoving] party could or would prove the necessary facts,' and will grant summary judgment 'in *any* case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.'" *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075) (emphasis in original).

Hall has filed numerous pleadings, supplements, and statements in this case, but he has submitted only a three-page response to the summary judgment motion. (Docket No. 100). He has also filed a one-page demand for a jury trial. (Docket No. 102). Because Hall is proceeding pro se, this court broadly construes his submissions and does not hold them to the same standard as those filed by counsel. But even a pro se party's unsupported statement will not defeat summary judgment if the evidence in the record is to the contrary. *See In re Hinsely*, 201 F.3d 638, 643 (5th Cir. 2000); *see also DIRECTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005); *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (internal citations and quotations omitted).

## III.    Analysis

### A.    The Claims Against the Defendants in their Official Capacity

The defendants are all employees of the State of Texas. They have asserted that the Eleventh Amendment to the United States Constitution bars any claim for monetary relief against them in their

official capacity.  The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI.  Under the Eleventh Amendment, a State, including a State employee sued in his official capacity, is immune from suit in federal court unless that immunity has been waived. *Vogt v. Board of Comm'rs, Orleans Levee Dist.*, 294 F.3d 684, 688 (5th Cir. 2002); *Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002).

Hall has sued the defendants for actions taken during the course of their employment with TDCJ.  As a State agency, TDCJ is immune from a suit for money damages under the Eleventh Amendment. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998).  The Eleventh Amendment also bars recovery of money damages under 42 U.S.C. § 1983 from State employees sued in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).  Hall's claims for damages against the defendants in their official capacity are barred.[4]  The defendants' motion for summary judgment dismissing these claims is granted.

**B.      The Claims Against the Defendants in their Individual Capacity**

---

[4]      "To ensure the enforcement of federal law, . . . the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (citing *Ex parte Young*, 209 U.S. 123 (1980)).  Hall seeks injunctive relief in this case.  Because he is no longer in custody at the Ellis Unit, where the alleged civil rights violations reportedly occurred, it appears that his claim for injunctive relief has become moot. *See Oliver*, 276 F.3d at 741; *see also Cooper v. Sheriff, Lubbock County, Tex.*, 929 F.2d 1078, 1084 (5th Cir. 1991) (holding that an inmate's transfer from county jail to state prison rendered moot his claims for injunctive relief).  Alternatively, Hall fails to show that the state officials listed in the complaint have violated federal law or that he is otherwise entitled to prospective injunctive relief for reasons explained in more detail below.

The defendants assert the qualified immunity defense.  Qualified immunity protects government employees against civil liability in their individual capacity "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (quoting *Harlow*, 458 U.S. at 818)) (internal quotation marks omitted).  "Even if a defendant's conduct actually violates a plaintiff's constitutional rights, the defendant is entitled to qualified immunity if the conduct was objectively reasonable." *Zarnow v. City of Wichita Falls, Tex.*, 500 F.3d 401, 408 (5th Cir. 2007) (quoting *Pfannstiel v. City of Marion*, 918 F.2d 1178, 1183 (5th Cir. 1990)).  Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

To determine whether a public official is entitled to qualified immunity for an alleged constitutional violation, a court looks at whether the allegations, taken in the light most favorable to the party asserting the injury, show that the official's conduct violated a constitutional right that was "clearly established" at that time. *See Pearson v. Callahan*, — U.S. —, 129 S. Ct. 808, 815 (2009). A court also examines whether the defendant's actions were objectively reasonable "in light of clearly established law at the time of the conduct in question." *Hampton Co. Nat'l Sur., L.L.C. v. Tunica County, Miss.*, 543 F.3d 221, 225 (5th Cir. 2008) (quoting *Freeman v. Gore*, 483 F.3d 404, 410-11 (5th Cir. 2007)). A reviewing court may consider these issues in any sequence. *See Pearson*, 129 S. Ct. at 818.  When a defendant raises qualified immunity as a defense and moves for summary judgment on that basis, the plaintiff must identify or submit evidence raising genuine issues of disputed fact material to determining the reasonableness of the official's conduct. *See Michalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005) (citing *Bazan v. Hidalgo County*, 246 F.3d 481, 489

7

(5th Cir. 2001)).  The plaintiff cannot rest on conclusory allegations and assertions.  *See Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009) (to avoid summary judgment on qualified immunity, a plaintiff need not present "absolute proof" but must offer more than "mere allegations") (quotation omitted).  These standards are applied to the summary judgment record.

### 1.      Eighth Amendment — Excessive Force

Hall alleges that Officer Denny "assault[ed]" him on October 17, 2006 by causing the door of his cell to roll into his left arm.  The defendants contend that Hall has failed to raise a fact issue as to whether excessive force was used.  Claims of excessive force in the prison context are governed by the Eighth Amendment, which prohibits cruel and unusual punishment.  *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (observing that the Eighth Amendment does not guarantee "comfortable prisons," but it does require "humane conditions of confinement").  To prevail on an excessive-force claim, a plaintiff must establish that force was not "applied in a good-faith effort to maintain or restore discipline" but was instead employed "maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986) (quotation omitted)).  Relevant factors include: (1) the extent of the injury suffered; (2) the need for the application of force; (3) the relationship between the need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response.  *See id.; Gomez v. Chandler*, 163 F.3d 921, 923 (5th Cir. 1999).

Hall alleges that Officer Denny assaulted him by "hitting" him with the door of his cell. (Docket No. 1, at 4).  Hall asserts that before just before this occurred, Officer Denny yelled at him in a loud and angry voice to get in his "house." (Docket No. 45, at 7).  Hall claims that, as he entered his cell, Officer Denny "started closing the door without saying 'stand clear.'" (*Id.*).  Hall asserts

8

that Officer Denny was "[a]rguing with the offenders down the run," who were "cussing and talking crazy to her." (*Id.*). Hall argues that Officer Denny intended to harm him by closing the door without saying "stand clear" because she was "holl[er]ing out malicious cuss words" at other inmates on the row, who were "cussing at her" as she tried to control the cellblock. (Docket No.1, at 4, 7). "Ten to twenty minutes later," Hall complained to Sergeant Johnson that "Officer Denny pinned [him] in the [cell] door." (*Id.* at 7-8). Hall filled out an "Incident Report" to complain about Officer Denny's "recklessness." (*Id.* at 8).

In his grievance against Officer Denny, Hall complained that Officer Denny cussed "at the top of her lungs" and used improper force by causing the cell door to "bump" his left arm. (Docket No. 1, Exhibit, Step 1 Grievance #2007029748). Hall complained that Officer Denny engaged in "reckless behavior and the malicious use of language." (*Id.*). The Office of Inspector General reviewed Hall's allegations but found "insufficient evidence" of staff misconduct and declined to open an investigation. (*Id.*).

Hall's pleadings and the evidence he submits could at most show that Officer Denny acted negligently by rolling the cell door shut without first ensuring that the doorway was clear. Negligence is insufficient to show an Eighth Amendment violation. *See Whitley*, 475 U.S. at 319 ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety."); *Estelle v. Gamble*, 429 U.S. 97, 103 (holding that a prison physician's negligence in diagnosing or treating a medical condition did not constitute a violation of the Eighth Amendment). "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing

9

conditions of confinement, supplying medical needs, or restoring official control over a tumultuous

cellblock." *Whitley*, 475 U.S. at 319.  Viewing the pleadings and the evidence in the light most

favorable to Hall, he has not raised a genuine issue of disputed fact material to deciding that Officer

Denny did not act unconstitutionally.  *See Hudson*, 503 U.S. at 9 ("not every push or shove, even if

it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional

rights") (quotation omitted).  Hall has failed to raise a fact issue as to whether Officer Denny used

unconstitutionally excessive force.

The defendants also seek summary judgment on the alternative ground that Hall did not

suffer any injury as a result of the October 17, 2006 incident.  The medical records show that Hall

was examined at the Ellis Unit medical department on October 18, 2006, for a possible injury to his

upper left arm. (Docket No. 92, Exhibit B, at 14).  Medical personnel observed that Hall's vital signs

were normal.  (*Id.*).  They observed that he had "minimal tenderness with deep palpation," but "no

[bruising,] bleeding, swelling, or heat" in the area.  (*Id.*).  Hall was cleared to return to his cell and

he did not seek any further medical treatment.

The defendants' arguments are supported in the record.  Because, however, the lack of

unconstitutionally excessive force is established, this court does not determine whether the lack of

injury provides a separate additional basis for granting judgment as a matter of law.  *See Wilkins v.*

*Gaddy*, — U.S. —, 2010 WL 596513, *1 (Feb. 22, 2010) (per curiam); *Hudson*, 503 U.S. at 7

(explaining that the "core judicial inquiry" is not whether the inmate suffered a significant injury,

but "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously

and sadistically to cause harm).  Instead, the absence of serious injury is additional support for the

conclusion that there was no wanton or malicious infliction of force.  Hall suffered "mild tenderness"

but no discernable injury as a result of his encounter with Officer Denny. As the Supreme Court acknowledged in *Wilkins*, "[a]n inmate who complains of a 'push or shove' that causes no discernable injury almost certainly fails to state a valid excessive force claim." *Wilkins*, — U.S. —, 2010 WL 596513, at *2 (citing *Hudson*, 503 U.S. at 9) (quotation omitted)).

Because Hall has failed to raise a fact issue as to a constitutional violation, Officer Denny is entitled to qualified immunity on Hall's excessive-force allegation.

### 2.    Due Process — False Disciplinary Case

Hall alleges that, after he complained that Officer Denny allowed the cell door to hit his arm, she violated his right to due process by filing a disciplinary case. (Docket No. 1, at 18). The record shows that Hall was charged in disciplinary case #20070051763 with threatening to inflict harm on Officer Denny. (Docket No. 92, Exhibit A, at 2). Hall received notice of the charges on October 26, 2006 and was temporarily placed in prehearing detention. (Docket No. 1, at 18). The charge against him were dismissed following a disciplinary hearing later that same day. (Docket No. 92, Exhibit A, at 2).

The standard governing prison disciplinary proceedings depends on the punishment. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). The disciplinary charges against Hall were dismissed. He faced no punishment. To the extent he complains about the brief placement in prehearing detention, the complaint does not implicate a protected liberty interest. *See Sandin*, 515 U.S. at 484, 485-86 (concluding that temporary placement in disciplinary segregation does not impose an "atypical and

11

significant hardship . . . in relation to the ordinary incidents of prison life" or implicate a protected liberty interest); *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (explaining that limitations on privileges and temporary cell restrictions are the type of sanctions that "do not represent the type of atypical, significant deprivation in which a state might create a liberty interest"). Hall does not raise a genuine issue of material fact as to whether he was denied due process as a result of the disciplinary charges filed against him in case #20070051763. Accordingly, Officer Denny is entitled to qualified immunity from Hall's due process claims.

### 3.    Retaliation

Hall also contends that Officer Denny violated his constitutional rights by filing a false disciplinary case after he complained about her to a ranking officer. A prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct. *See Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008); *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995). "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).

Noting that the disciplinary case was resolved by a hearing and dismissal the same day Hall learned it had been filed, the defendants argue that Hall cannot raise a fact issue as to a retaliatory adverse action. To establish a constitutional violation, an inmate's retaliation claim must allege adverse acts that "would chill or silence a person of ordinary firmness from future First Amendment activities." *Morris v. Powell*, 449 F.3d 682, 685-86 (5th Cir. 2006) (quoting *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir. 1996) (en banc), *vacated on other grounds*, 523 U.S. 574 (1998)). This

12

standard recognizes that "some acts, though perhaps motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." *Id.* at 686. Such *de minimis* acts "do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." *Id.*

Hall's disciplinary case was dismissed. The only consequence was that he was briefly placed in segregation before the hearing. Such a brief placement, without more, is not a sufficiently adverse act to support a retaliation claim under § 1983. *See Morris*, 449 F.3d at 687-68. Officer Denny is entitled to qualified immunity from his retaliation claim.

### 4.    Access to Courts

In several of his pleadings, Hall appears to complain that Lieutenant Bond violated his right of access to the courts by attempting to "coerce" him to withdraw his grievance against Officer Denny. Prisoners clearly have a constitutionally protected right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 360 (1996) (citing *Bounds v. Smith*, 430 U.S. 817 (1977)). A prisoner's right of access to courts is not unlimited. *See Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)). The right encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging a conviction, sentence, or conditions of confinement. *See Jones*, 188 F.3d at 325 (citing *Lewis*, 518 U.S. at 351).

The defendants have provided copies of the relevant grievances. The defendants note that Hall did not withdraw his grievance against Officer Denny. (Docket No. 92, Exhibit C). The record confirms that Hall filed a Step 1 grievance against Officer Denny on October 17, 2006. (*Id.* at 53-54). His grievance was referred to the Office of Inspector General, which declined to open an investigation because there was insufficient evidence of staff misconduct. (*Id.* at 52). Dissatisfied

13

with the result, Hall filed a Step 2 grievance appeal on January 11, 2007. (*Id.* at 51-52). An

administrative official upheld the result. (*Id.*). Hall filed the civil rights complaint in this case on

February 28, 2007. Hall does not allege or show that he was denied the ability to file a grievance

or to access the courts in any way. Because Hall does not raise a genuine issue of material fact on

this question, he fails to demonstrate a constitutional violation. Lieutenant Bond is entitled to

qualified immunity from this claim.

### 5.    Failure to Protect

Hall alleges that Sergeant Jackson, Lieutenant Bond, Warden Janick, and Director Thaler

failed to protect him from Officer Denny. Hall has sued these defendants as supervisory officials.

His complaint alleges direct personal involvement only by Sergeant Jackson and Lieutenant Bond.

The defendants argue that Hall's claims against Warden Janick and Director Thaler fail for lack of

any allegations or evidence of their personal involvement. The defendants argue further that Hall

fails to allege or show that any of these supervisory officials acted with the requisite deliberate

indifference to a known risk of harm or that they otherwise violated his constitutional rights.

To establish liability under section 1983 for a failure to protect claim, an inmate must show

that he has been incarcerated under conditions that posed a serious risk of harm to the inmate's

health or safety and that the defendants were aware of the risk and failed to respond out of deliberate

indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas*

*Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "[A] prison official may be held liable

under the Eighth Amendment for denying humane conditions of confinement only if he knows that

inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable

measures to abate it." *Id.* at 847. A prison official "knows of" an excessive risk only if (1) he is aware of facts from which he could infer "that a substantial risk of serious harm exists" and (2) he in fact "draw[s] the inference." *Farmer*, 511 U.S. at 837. Deliberate indifference "is a degree of culpability beyond mere negligence or gross negligence; it 'must amount to an intentional choice, not merely an unintentional oversight.'" *James v. Harris County*, 577 F.3d 612, 617-18 (5th Cir. 2009) (quoting *Rhyne v. Henderson County*, 973 F.2d 386, 392 (5th Cir. 1992); *see also Conner v. Travis County*, 209 F.3d 794, 796 (5th Cir. 2000)). A negligent failure to protect does not state a claim under the Eighth Amendment. *See id.*; *see also Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (holding that a negligent failure to protect from harm does not make a claim under 42 U.S.C. § 1983).

Hall does not allege facts or present evidence showing that any the supervisory officials he has sued were subjectively aware of a risk to Hall's health or safety from Officer Denny and intentionally disregarded that risk. These defendants are entitled to summary judgment.

Hall has failed to raise a fact issue as to a constitutional violation or as to whether the defendants' actions were not objectively reasonable. *See Hathaway v. Bazany*, 507 F.3d 312, 320 (5th Cir. 2007). The defendants' motion for summary judgment on the defense of qualified immunity is granted.

**C.    Hall's Motions**

Hall has filed more motions asking the court to reconsider its previous order denying the appointment of counsel. (Docket Nos. 83, 93). Hall has not shown exceptional circumstances justifying appointment of counsel. *See Hulsey v. State of Texas*, 929 F.2d 168, 172-73 (5th Cir.

1991) (citing *Freeze v. Griffith*, 849 F.2d 172, 175 (5th Cir. 1988); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)).  The motions for appointment of counsel are denied.

Hall has filed motions seeking default judgment against the defendants.  (Docket Nos. 85, 86, 88).  Rule 55 of the Federal Rules of Civil Procedure authorizes a default judgment "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."  The defendants filed a timely answer and motion for summary judgment.  Hall is not entitled to a default judgment.  His motions are denied.

Hall has filed motions demanding a jury trial.  (Docket Nos. 89, 90).  Because summary judgment is appropriate, the motions for jury trial are moot.

## IV.     Conclusion and Order

The defendants' motion for summary judgment (Docket No. 92) is granted.  The plaintiff's motions (Docket Nos. 83, 85, 86, 88, 89, 90, 93) are denied.

SIGNED on March 11, 2010 at Houston, Texas.

Lee H. Rosenthal
United States District Judge

16